1295

Gary SLEZAK, Gene D. Hurt, and Joseph DiTomasso, of whom Gary Slezak is Appellant v. William D. LEEKE, Commissioner, South Carolina Department of Corrections, in his individual, collective and official capacity, and The Board of Corrections of The State of South Carolina, in their individual, collective, and official capacities, Respondents.

(378 S. E. (2d) 65)

Court of Appeals

*John D. Elliott,* Columbia, *Guardian ad Litem, for appellant.*

*Robert E. Petersen* and *Larry C. Batson* of *S. C. Dept. of Corrections,* and *Sr. Asst. Atty. Gen. Kenneth D. Woodington,* Columbia, *for respondents.*

*Malissa Burnette, Guardian ad Litem,* Columbia, *for Gene D. Hurt.*

*John C. Bruton, Jr., Guardian ad Litem,* Columbia, *for Joseph DiTomasso.*

Heard Jan. 18, 1989.

Decided March 6, 1989.

GARDNER, Judge:

Gary Slezak (Slezak) et al. brought this action against William D. Leeke, Commissioner of the South Carolina Department of Corrections, et al. Slezak alleges conspiracy and negligence on the part of the defendants and seeks monetary damages for what they call confinement under intolerable, unbearable, barbaric, illegal and unconstitutional conditions. The defendants moved under Rule 12(b), S. C. R. C. P. to dismiss the complaint on the grounds that the Court of Common Pleas lacked jurisdiction. The appealed order dismissed the complaint without prejudice. We reverse and remand.

The essence of the appealed order is that this action is not maintainable because of an agreement which was reached in the case of *Nelson v. Leeke,* Civil Action No. 82-876-2, United States District Court for South Carolina, which was a class action; the appealed order holds that Slezak was a member of the class. The *Nelson* Agreement covered many areas of prison life and contained provisions for the monitoring of the agreement by the plaintiff's counsel in the federal court. The appealed order, in reference to the effect on this case of the *Nelson* Agreement relied primarily on the reasoning of *Goff v. Menke,* 672 F. (2d) 702 (8th Cir. 1982). We quote the following from the appealed order:

> In *Goff,* an inmate member of a class whose class suit was both filed prior to his individual action and in-

volved the same issues, had his action heard by a District Court Judge. The Court of Appeals vacated the resulting judgment noting "For reasons of law as well as judicial economy, *Goff's* case should have been transferred to the trial judge who entered the preliminary relief in the *Gavin* case. ..." The Court held that wherever possible individual claims should be processed by the same court which rendered equitable relief.

I concur with the reasoning of the Court of Appeals in *Goff*. ...

The *Nelson* Agreement specifically holds: "This Decree does not affect the right of an individual to pursue individual claims for monetary relief."

## ISSUES

The issues of merit are (1) whether the trial judge erred in holding that the *Nelson* agreement precluded the institution of this action in the courts of this state and (2) whether the trial court erred in holding that the reasoning of *Goff* is applicable to this case.

## DISCUSSION

### I.

The first issue is disposed of by the very terms of the *Nelson* Agreement. We quote from the *Nelson* Agreement: "This Decree does not affect the right of an individual to pursue individual claims for monetary relief." The Courts of Common Pleas of this state have jurisdiction over conspiracy and negligence actions. And we so hold. This is a conspiracy and negligence action which seeks monetary relief. The holding that the Common Pleas Courts of this state lacks jurisdiction because of the *Nelson* Agreement is untenable because of the very terms of the *Nelson* Agreement. And we so hold.

### II.

*Goff* is inapposite because Goff's action was brought in a U. S. District Court as was the related class action. *See,* 672 F. (2d) at 703. In the case before us, the *Nelson* agreement was contained in a decree of the U. S. District Court and this action was instituted in the state

courts of South Carolina. For this reason, we hold that the adoption of the reasoning in *Goff* was error and we so hold.

Additionally, while Goff originally sought monetary damages as well as equitable relief, he did not appeal the trial court's denial of money damages. *Id.* at 705 n. 1. Therefore, the only issue before the appellate court was the propriety of granting equitable relief to Goff and similarly situated inmates many of whom, like Goff, were parties to the class action suit then pending in which a preliminary injunction issued by a different district court judge was in effect dealing with the same equitable issues Goff raised in his individual action. *Id.* at 703-704. The opinion of the *Goff* court recognized Goff's right to pursue an individual claim for money damages in a separate action. *Id.* at 704. "[A] prior pending action in a federal court cannot be pleaded in abatement of a subsequent action in state court, or vice versa, where the parties or causes of action and issues, or relief sought, are not substantially the same in both actions." *See* 1 C. J. S. *Abatement and Revival* Section 53 (1985), and the cases therein cited. We know of no exception to this rule.

Although the complaint was inartfully drafted, Slezak and his fellow plaintiffs were proceeding *pro se*, and the record as a whole shows the issues and causes of action presented and relief requested were not intended to be addressed or foreclosed by the *Nelson* Agreement.

## CONCLUSION

Since by the express language of the *Nelson* decree, the agreement does not affect the right of Slezak to pursue a claim for monetary relief and this action does seek monetary relief and since we have held that the trial court erred in adopting the reasoning of the *Goff* case, we hold that the appealed order is erroneous; it is therefore reversed and the case remanded for further proceedings.

Reversed and remanded.

SANDERS, C. J., and CURETON, J., concur.